UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ETOUCH LV, LLC,

    Plaintiff(s),

v.

ETOUCH MENU, INC., et al.,

    Defendant(s).

Case No.: 2:18-cv-02066-JCM-NJK

**ORDER**

[Docket Nos. 6, 14]

Pending before the Court is an order to show cause why this case should not be remanded for lack of subject matter jurisdiction. Docket No. 6. Defendants filed a response thereto. Docket No. 13. Also pending before the Court is Defendants' motion to conduct jurisdictional discovery. Docket No. 14. The Court does not require a hearing at this time. *See* Local Rule 78-1.

For diversity jurisdiction purposes, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). When a member of an LLC is itself an LLC, the jurisdictional analysis requires identification of the citizenship of each "sub-member" as well. *See, e.g.*, *Diamos v. Specialized Loan Serv. LLC*, 2014 WL 3362259, *2 (N.D. Cal. July 7, 2014).

Defendants removed this case on diversity jurisdiction grounds, but have not identified the citizenship of Plaintiff's members. The Ninth Circuit has allowed a relatively lenient standard for a plaintiff to plead diversity of the parties at the very outset of a case. *See Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014). After all of the parties have appeared,

1

however, the Court may require a further showing of citizenship regardless of whether jurisdiction has been challenged by a party. *Id.* at 1088. "Once the court sounds the alarm, the litigants must be precise." *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1073 (7th Cir. 1992). "Jurisdictional discovery may be appropriate." *Carolina Casualty*, 741 F.3d at 1088.

Given the procedural posture of this case, the Court is not persuaded by Defendants' position that pleading citizenship on information and belief suffices to establish jurisdiction. Instead, an evidentiary showing should be made as to the diversity of the parties. The Court recognizes that such information is not within Defendants' possession, however, and agrees with their alternative request to conduct jurisdictional discovery.

Accordingly, the motion for jurisdictional discovery is **GRANTED**. The Court will allow 60 days to conduct jurisdictional discovery, which shall be completed by January 14, 2019. In the meantime, the Court **DEFERS** ruling on the order to show cause. A further response to the order to show cause shall be filed no later than January 22, 2019, explaining the basis for not remanding this case to state court for lack of subject matter jurisdiction.

IT IS SO ORDERED.

Dated: November 14, 2018

                                                                                 _____
Nancy J. Koppe
United States Magistrate Judge