John Bragonje
Nevada Bar No. 9519
Don G. Martin
Nevada Bar No. 6736
Jennifer K. Hostetler
Nevada Bar No. 11994
LEWIS ROCA ROTHGERBER CHRISTIE LLP
3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996
Tel: 702.949.8200
E-mail:jbragonje@lrrc.com
E-mail:dmartin@lrrc.com
E-mail: jhostetler@lrrc.com

*Attorneys for Plaintiff eTouch LV, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| eTouch LV, LLC, a Nevada limited liability company,<br><br>                    Plaintiff,<br><br>vs.<br><br>eTouch Menu, Inc., a Minnesota corporation; Scott Morrow, an individual; DOES 1 to 10, inclusive,<br><br>                    Defendant.<br><br>AND ALL RELATED CLAIMS. | Case No. 2:18-cv-02066-JCM-NJK<br><br>**MOTION TO COMPEL ARBITRATION AND TO DISMISS, OR IN THE ALTERNATIVE TO STAY DEFENDANT SCOTT MORROW'S COUNTERCLAIMS** |

Plaintiff eTouch LV, LLC hereby moves to compel arbitration of Defendant Scott Morrow's counterclaims under the Federal Arbitration Act ("FAA") and to dismiss those counterclaims, or in the alternative, stay the counterclaims pending completion of the arbitration. This motion is made and based upon the attached Memorandum of Points and Authorities, the exhibits attached hereto, all pleadings and papers on file in this action, and any oral argument that this Court might entertain.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

This is a dispute related to eTouch LV, LLC's ("eTouch LV") purchase of assets of eTouch Menu, Inc. ("eTM"). On September 19, 2018, eTouch LV filed this action against eTM

and its president and board member, Scott Morrow, alleging breach of the Asset Purchase Agreement ("APA") that eTM and eTouch LV entered into on September 26, 2017 to accomplish a sale of assets and transition of the eTouch business. On November 9, 2018, Morrow answered the Complaint and alleged counterclaims against eTouch LV, seeking to improperly bring an employment dispute into this litigation. Indeed, Morrow's employment-based counterclaims cannot proceed in this judicial forum. Prior to commencing employment, Morrow entered into the At-Will Employment Agreement ("Employment Agreement") with eTouch LV and agreed to arbitrate all matters arising out of or relating to his employment. The Employment Agreement contains a clear and unequivocal arbitration provision, requiring that "any and all disputes" relating to the Employment Agreement with eTouch LV be submitted to neutral binding arbitration. Accordingly, as to Morrow's counterclaims alleging breach of the employment contract or unjust enrichment for the services rendered, the parties' agreement to arbitrate must be honored.

Therefore, eTouch LV respectfully requests that the Court compel Morrow's employment-based counterclaims to arbitration, and dismiss, or in the alternative, stay proceedings on those counterclaims pending arbitration.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  The APA and Litigation

Plaintiff eTouch LV is an entity that was formed to acquire substantially all of the assets of eTM with the purpose of continuing and expanding eTM's eTouch business and brand. *See* Compl., ECF No. 1, at ¶ 12. On or about September 26, 2017, eTouch LV, on the one hand, and Morrow and eTM, on the other hand, executed that certain "Asset Purchase Agreement" to accomplish the referenced sale of assets and transition of the eTouch business. *See id.* at ¶ 13. The closing of the transaction occurred on September 26, 2017. *See id.* at ¶ 15.

In general, the Asset Purchase Agreement provides that, at the time the transaction closed, eTM would transfer to eTouch LV all the assets necessary to operate the eTouch business to eTM – including customer contracts, equipment, software, and intellectual property – and that eTouch LV would pay $3.5 million plus a variable "Earn Out" payment that fluctuated depending on the

profitability of the eTouch business after the closing, as set forth fully in the APA. *See id.* at ¶ 14. Critically, the purchase price was not to be paid all at once: eTouch LV paid $2 million at the time of the closing; eTouch LV gave eTM a Note in the amount of $1.5 million to be paid in nine equal quarterly installments beginning December 31, 2018; and the parties agreed that eTM would be paid additional compensation (the "Earn-out"), by sharing in the earnings of the eTouch business if certain performance benchmarks were met, although in no event would the Earn-out ever exceed $12 million. *See id.* at ¶ 17.

After the closing occurred and as eTouch LV took control of the operations, it discovered that the warranties, the due diligence materials, and a broad range of representations and communications made by eTM and Morrow, including but not limited to those set forth in the APA, and other writings were in fact false. *See id.* at ¶ 22. These included the nature and status of assigned customer contracts and false or grossly overstated financial forecasts, among others. *See id.* at ¶¶ 23-29 and 34-37. As a result, eTouch LV instituted this action in the Eighth Judicial District Court, Clark County, Nevada on September 19, 2018, alleging seven claims for relief against Morrow and eTM including breach of contract, fraud and breach of fiduciary duty. eTM and Morrow removed the case to United States District Court for the District of Nevada on October 26, 2018 on the basis of diversity jurisdiction. *See* Petition for Removal, ECF No. 1.

### B. Morrow's Employment Agreement and Arbitration

Pursuant to the Employment Agreement, Claimant was employed as President of eTouch LV from September 26, 2017 until his termination on May 4, 2018. In the Employment Agreement, Plaintiff agreed to resolve all disputes with his employer by neutral binding arbitration before the American Arbitration Association ("AAA"):

> 23.11 **ARBITRATION**. THE PARTIES EXPRESSLY AGREE AND ACKNOWLEDGE THAT ANY AND ALL DISPUTES RELATING TO THIS AGREEMENT SHALL BE RESOLVED BY FINAL AND BINDING ARBITRATION BY A NEUTRAL ARBITRATOR ADMINISTERED BY THE AMERICAN ARBITRATION ASSOCIATION UNDER ITS NATIONAL RULES FOR RESOLUTION OF EMPLOYMENT DISPUTES OR OTHER APPLICABLE RULES OR AS OTHERWISE MUTUALLY AGREED TO BY THE PARTIES. THE PARTIES FURTHER EXPRESSLY AGREE AND ACKNOWLEDGE THAT ANY ARBITRATION UNDER THIS PARAGRAPH SHALL TAKE PLACE EXCLUSIVELY IN LAS VEGAS, NEVADA AND SHALL BE CONSTRUED

AND INTERPRETED EXCLUSIVELY IN ACCORDANCE WITH THE SUBSTANTIVE LAWS OF THE STATE OF NEVADA WITHOUT REGARD TO ITS CONFLICTS OF LAWS PRINCIPLES. NOTWITHSTANDING THE FOREGOING, NOTHING HEREIN SHALL PRECLUDE EITHER PARTY FROM SEEKING INJUNCTIVE OR OTHER EQUITABLE RELIEF IN A COURT OF COMPETENT JURISDICTION, EXCLUSIVELY IN CLARK COUNTY, NEVADA, WITHOUT FIRST COMPLYING WITH THE ARBITRATION PROVISIONS OF THIS SECTION. IN ACCORDANCE WITH NRS 597.995, EMPLOYEE AFFIRMATIVELY AUTHORIZES THAT ANY DISPUTE ARISING BETWEEN THE PARTIES BE SUBMITTED TO ARBITRATION IN LAS VEGAS, NEVADA, OTHER THAN VIOLATIONS OF SECTIONS 10 THROUGH 16, INCLUSIVE, IN WHICH A PARTY MAY CONCURRENTLY PURSUE INJUNCTIVE RELIEF IN CLARK COUNTY, NEVADA, PURSUANT TO SECTION 22.2. EMPLOYEE EXPRESSLY ACKNOWLEDGES THAT BY VOLUNTARILY AGREEING TO THIS MANDATORY ARBITRATION PROVISION, EMPLOYEE IS SUBMITTING TO JURISDICTION IN CLARK COUNTY, NEVADA, AND WAIVING IMPORTANT RIGHTS, INCLUDING THE RIGHTS TO CIVIL LITIGATION, A JURY TRIAL, AND ANY ASSOCIATED RIGHTS OF APPEAL AND THAT THE PARTIES MAY BRING CLAIMS AGAINST THE OTHER ONLY IN THEIR INDIVIDUAL CAPACITIES AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS, REPRESENTATIVE OR COLLECTIVE PROCEEDING.

*See* Employment Agreement, at ¶ 23.11, attached as Exhibit A.

On or about August 21, 2018 – acknowledging he entered into a valid agreement to arbitrate – Morrow filed a demand for arbitration with the AAA, alleging claims against eTouch LV for breach of the Employment Agreement. *See* Demand, attached as Exhibit B. On September 24, 2018, eTouch LV filed its Answer, Affirmative Defenses, and Counterclaim ("Answer") to the demand for arbitration. *See* Answer, attached as Exhibit C with exhibit to the Complaint in this lawsuit omitted. In the Answer, eTouch LV asserted a counterclaim for Fraud in the Inducement, alleging that various representations and communications made by Morrow were made to induce eTouch LV to enter into the Employment Agreement with Morrow. *See id.* at p. 6. eTouch LV also noted that Morrow's representations were being litigated in this case. *Id.*

**C.   Morrow's Employment-based Counterclaims**

On November 9, 2018, Morrow alleged counterclaims in this lawsuit mirroring his claims pending before the AAA. *See* Counterclaims, ECF No. 11, at pp. 17-25. As he alleged in his demand for arbitration, Morrow's counterclaims allege eTouch LV breached the terms of the Employment Agreement by failing to pay Morrow the amounts owed under that agreement. *See*

106575996_1                                      4

*id.* at ¶ 13. Morrow, along with eTM, seek to assert four counterclaims against eTouch LV: (1) Breach of Contract, (2) Breach of the Implied Covenant of Good Faith and Fair Dealing, (3) Alternative Claim for Restitution/Unjust Enrichment, and (4) Failure of Consideration – Rescission. *See id.* at pp. 19-25. Counterclaims one through three are related to Morrow's employment with eTouch LV (with references to a breach of the APA). *See e.g. id.* at ¶ 24. The remaining counterclaim for rescission appears to relate only to the APA. *See id.* at ¶ 53.

### III. LEGAL ARGUMENT

#### A. Arbitration Should Be Compelled Because Morrow Agreed to Arbitrate His Counterclaims.

Congress enacted the Federal Arbitration Act ("FAA") in 1925 to overcome judicial resistance to arbitration. *A.T. & T. Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011). In doing so, "Congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration." *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984). Section 2 of the FAA embodies this national policy and "places arbitration agreements on equal footing with all other contracts . . . ," *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 67–68 (2010):

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for revocation of any contract.

9 U.S.C. § 2.

Under Section 4 of the FAA, a party may seek an order compelling arbitration, and the district court "shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement" once the court is "satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue." 9 U.S.C. § 4. Accordingly, a court's role is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostics Sys., Inc.*, 207 F.3d 1126, 1131 (9th Cir. 2000) (internal quotations omitted).

"By its terms, the Act 'leaves no place for the exercise of discretion by a district court, but

instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.'" *Id.* at 1130 (quoting *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original)). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614, 626 (1985) (finding that the parties' intent to arbitrate is generously construed in favor of arbitrability) (internal quotations and citation omitted). The party opposing arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration. *See e.g.*, *Green Tree Fin. Corp. Ala. v. Randolph*, 531 U.S. 79, 91 (2000).

Here, a valid agreement to arbitrate exists between the parties. By entering into the Employment Agreement, Morrow agreed that he may only bring claims against eTouch LV arising out of or relating to the Employment Agreement in arbitration. The arbitration provision is specifically set apart in the Employment Agreement Morrow executed on September 26, 2017 – with the title "**ARBITRATION**" in bold upper case letters. *See* Exhibit A, at ¶ 23.11 (emphasis in original). The rest of the provision is set forth in uppercase letters. *See id.* Accordingly, a valid agreement to arbitrate exists.

In his counterclaims, Morrow alleges that the arbitration provision does not include a "specific authorization for the provision" which indicates he affirmatively agreed to arbitrate and therefore, it is "void and unenforceable pursuant to NRS 597.995." *See* Counterclaims, ECF No. 11, at p. 19 ¶ 12. The arbitration clause in the Employment Agreement, however, explicitly states that Morrow gave specific authorization under NRS 597.995 in agreeing to arbitrate. *See* Exhibit A, at ¶ 23.11. Nevertheless, Morrow's argument under state law fails as the FAA displaces NRS 597.995. Indeed, where there is a conflict between a state arbitration law and a federal arbitration law, the FAA controls. *Marmet Health Care Ctr., Inc. v. Brown*, 565 U.S. 530, 533 (2012) (holding that a state law preventing the arbitration of claims for which the FAA requires arbitration is preempted: "The conflicting rule is displaced by the FAA.").

Morrow also alleges in his counterclaims that eTouch LV "waived any right to enforce the arbitration provision" by asserting employment claims in this litigation. *See* Counterclaim, ECF 11, at p. 19 ¶ 17. eTouch LV, however, has not asserted any claims against Morrow under the

Employment Agreement in this litigation. To the contrary, eTouch LV noted in its Complaint that the termination of Morrow's employment is the subject of separate proceedings (the arbitration). *See* Complaint, ECF No. 1, at ¶ 36. eTouch LV similarly noted before the AAA that the dispute concerning the APA and representations relating to it were being litigated in this proceeding. *See* Answer, at p. 6. Nor has eTouch LV waived its right to enforce arbitration under the Employment Agreement. Paragraph 23.8 of the Employment Agreement explains that a waiver of any right arising out of the agreement must be supported by consideration and be in "writing and executed by the aggrieved Party." *See* Exhibit A, at ¶ 23.8 eTouch LV has not executed any document waiving the arbitration provision in exchange for something of value. Rather eTouch LV has at all times acted consistent with the arbitration provision of the Employment Agreement.

Further, the valid agreement to arbitrate also encompasses the dispute at issue. The Employment Agreement requires arbitration of any and all disputes relating to the Employment Agreement. *See id.* at ¶ 23.11. Claims concerning eTouch LV's termination of Morrow's employment in accordance with the Employment Agreement as detailed in his three counterclaims for breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment are clearly related to his Employment Agreement. Morrow's three employment counterclaims, therefore, must be arbitrated.

### B. The Litigation on Morrow's Employment Counterclaims Should be Dismissed or Stayed Because They are Subject to Arbitration, and Morrow Has Not Exhausted His Arbitration Obligation.

Under Section 3 of the FAA, "the court . . . shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. Courts are therefore directed to grant a stay when they determine a claim is to be arbitrated. *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1073 (9th Cir. 2014). However, courts are not limited to granting a stay pending arbitration, but may *sua sponte* dismiss a case if all claims are subject to the arbitration agreement. *Sparling v. Hoffman Constr. Co., Inc.,* 864 F.2d 635, 638 (9th Cir. 1988). *See Johnmohammadi*, 755 F.3d at 1073-74 (9th Cir.

2014) ("[A] district court may either stay the action or dismiss it outright when, as here, the court determines that all of the claims raised in the action are subject to arbitration.").

Morrow's employment-based counterclaims should be dismissed because, as discussed above, any claims relating to the Employment Agreement must be arbitrated, and Morrow has failed to arbitrate. Accordingly, the arbitration provision that Morrow agreed to demonstrates that he has improperly filed his employment-based counterclaims in this forum and dismissal is necessary. However, if the Court chooses not to dismiss those counterclaims, proceedings relating to them should be stayed. Staying litigation on the employment-based counterclaims would promote judicial economy by avoiding the multiplicity of claims, discovery, costs, and judgments that could result from concurrent proceedings in two different forums.

Therefore, the counterclaims should be dismissed, or in the alternative, litigation on the counterclaims should be stayed in its entirety pending the completion of the arbitration of Morrow's counterclaims.

## IV. CONCLUSION

For the foregoing reasons, eTouch LV respectfully requests that the Court compel arbitration of Morrow's three employment-based counterclaims, dismiss them, or in the alternative, stay litigation on those claims it pending completion of the arbitration proceedings.

DATED this 7th day of December, 2018.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: */s/ Jennifer K. Hostetler*
    Donald G. Martin (SBN: 6736)
    John E. Bragonje (SBN: 9519)
    Jennifer K. Hostetler (SBN 11994)
    3993 Howard Hughes Pkwy, Suite 600
    Las Vegas, NV 89169-5996
    Tel: 702.949.8200
    *Attorneys for Plaintiff eTouch LV, LLC,*

## CERTIFICATE OF SERVICE

I hereby certify that on the *7th* day of *December*, 2018, I caused a true and accurate copy of the foregoing, *MOTION TO COMPEL ARBITRATION AND TO DISMISS, OR IN THE ALTERNATIVE TO STAY DEFENDANT SCOTT MORROW'S COUNTERCLAIMS* to be served via U.S. *m*ail, postage pre-paid, first-class to the following:

Robert S. Larsen
Wing Yan Wong
GORDON REES SCULLY MANSUKHANI, LLP
300 South Fourth Street, Suite 1550
Las Vegas, NV  89101
E-mail: rlarsen@grsm.com
E-mail: wwong@grsm.com

F. Thomas Edwards
HOLLEY DRIGGS WALCH FINE WRAY PUZEY & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, NV  89101
E-mail: tedwards@nevadafirm.com

*Attorneys for Defendants eTouch Menu, Inc. and Scott Morrow*

/s/      *Dana K. Provost*
An employee of Lewis Roca
Rothgerber Christie LLP

106575996_1

9