UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ETOUCH LV, LLC, | Case No. 2:18-CV-2066 JCM (NJK) |
| Plaintiff(s), | TEMPORARY RESTRAINING ORDER |
| v. | |
| ETOUCH MENU, INC., | |
| Defendant(s). | |

Presently before the court is the matter of *eTouch LV, LLC v. eTouch Menu, Inc. et al.*, case number 2:18-cv-02066-JCM-NJK.

Plaintiff eTouch LV, LLC ("plaintiff") has filed a motion for temporary restraining order pursuant to Federal Rule of Civil Procedure 65 and NRS 104.9625(1). (ECF No. 37).

In September 2017, plaintiff purchased from defendants eTouch Menu, Inc. and Scott Morrow (collectively "defendants") a software business in exchange for $3.5 million. *Id*. The purchase agreement required plaintiff to pay $2 million at closing of the sale. *Id*. The remaining $1.5 million was a hold-back payment that plaintiff was obligated to pay in quarterly installments. *Id*. Under the purchase agreement, plaintiff could use the hold-back payment to offset any damages suffered in conjunction with the purchase. *Id*.

Shortly after paying the initial $2 million and acquiring the software business, plaintiff discovered that defendants made numerous misrepresentations concerning various business assets, software products, customers, distributors, and revenues. (ECF Nos. 37-1). Because these breaches allegedly resulted in over $1.5 million in damages, plaintiff exercised its rights under the offset provision of the purchase agreement by refusing to make further payments and filing this lawsuit on October 26, 2018. (ECF Nos. 1, 37).

**James C. Mahan**
**U.S. District Judge**

On January 18, 2019, defendants sent a notice of default to plaintiff for its failure to make the first installment payment under the purchase agreement. (ECF No. 37-2). Ten days later, defendants sent a letter to plaintiff declaring that plaintiff is in default. (ECF No. 37-4). The letter also stated that eTouch Menu, Inc. intends to foreclose upon the software business in order to collect the remaining portion of the purchase price. *Id*.

Now, plaintiff moves for a temporary restraining order seeking to enjoin defendants from foreclosing on the software business. (ECF No. 37). Plaintiff has also represented that it is "willing to deposit the entire $1.5 million with the [c]ourt, in quarterly installment payments, according to the payment schedule in the parties' purchase agreement." *Id*.

The court, having considered the complaint, plaintiff's motion, supporting declarations, and accompanying exhibits, hereby finds and concludes as follows:

- Plaintiff is likely to succeed in showing that defendants breached the purchase agreement by making misrepresentations regarding material business assets;
- Allowing defendants to foreclose on the software business would result in immediate and irreparable injury to plaintiff in the form of loss of income, loss of goodwill, damage to plaintiff's reputation, and damage to plaintiff's business relationships.
- Denying plaintiff's request for a temporary restraining order would cause significant hardship to plaintiff due to the irreparable harms that would likely result from a foreclosure. On the other hand, granting plaintiff's request for a temporary restraining order would not cause any substantial hardship to defendants as it would only delay any potential recuperation of the remaining amount from the purchase agreement. Thus, the balance of hardships weighs in favor of issuing a temporary restraining order
- Public interest also favors issuing a temporary restraining order because a (1) foreclosure would unnecessarily waste judicial resources by multiplying litigation and (2) there is a well-recognized policy in favor of enforcing contracts.

. . .

**James C. Mahan**
**U.S. District Judge**

Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion for a temporary restraining order (ECF No. 37) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that a preliminary injunction hearing is set for **Monday, March 18, 2019, at 11:00 a.m.** in courtroom 6A.

IT IS FURTHER ORDERED that pending the preliminary injunction hearing, defendants are temporarily restrained from foreclosing on plaintiff's business assets.

IT IS FURTHER ORDERED that defendants shall file their response to plaintiff's motion for preliminary injunction (ECF No. 38) on or before March 8, 2019. Replies, if any, shall be filed on or before March 13, 2019.

IT IS FURTHER ORDERED that plaintiff shall deposit $1.5 million with the clerk of court, in quarterly installments, in accordance with the payment schedule in the parties' purchasing agreement. Plaintiff shall deposit the first installment of $166,667.00, which was due on December 31, 2018, with the clerk of court on or before March 8, 2019.

IT IS FURTHER ORDERED that this temporary restraining order shall expire fourteen (14) days after entry.

DATED March 5, 2019 at 1:45 p.m.

_____
UNITED STATES DISTRICT JUDGE