John Bragonje
Nevada Bar No. 9519
Jennifer K. Hostetler
Nevada Bar No. 11994
Brian D. Blakley
Nevada Bar No. 13074
LEWIS ROCA ROTHGERBER CHRISTIE LLP
3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996
Tel: 702.949.8200
E-mail: jbragonje@lrrc.com
E-mail: jhostetler@lrrc.com
E-mail: bblakley@lrrc.com

*Attorneys for Plaintiff eTouch LV, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| eTouch LV, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>eTouch Menu, Inc., a Minnesota corporation; Scott Morrow, an individual; DOES 1 to 10, inclusive,<br><br>Defendants. | Case No. 2:18-cv-02066-JCM-NJK<br><br>**STIPULATION AND ORDER IMPOSING PRELIMINARY INJUNCTION** |
| AND ALL RELATED CLAIMS. | |

**STIPULATION**

Plaintiff eTouch LV, LLC ("Plaintiff"), by and through its attorneys, Lewis Roca Rothgerber Christie LLP, and defendants eTouch Menu, Inc. and Scott Morrow ("Defendants"), by and through their attorneys, Holley Driggs Walch Fine Puzey Stein & Thompson and Gordon Rees Scully Mansukhani, LLP, hereby stipulate as follows:

1. Plaintiff eTouch LV, LLC filed an application for a temporary restraining order pursuant to Federal Rule of Civil Procedure 65 and NRS 104.9626(1) (ECF No. 37) and a motion for preliminary injunction (ECF No. 38). The application and motion related to Plaintiff's request

107542129.1

for an order (and an injunction) restraining the Defendants from foreclosing their alleged interest in certain assets that are the subject of this lawsuit.

2. After Plaintiff filed the application for a temporary restraining order and motion for preliminary injunction, the parties met and conferred, and Defendants advised that they did not object to an order preventing Defendants from foreclosing on the assets that are the subject of the lawsuit until further Court order as long as Plaintiff posted a bond consistent with the Promissory Note, which is a subject of this lawsuit. Plaintiff advised that it would need time to consider the Defendants' proposal.

3. In the meantime, the Court granted the Plaintiff's application and issued a temporary restraining order (ECF No. 39) that prohibits Defendants "from foreclosing on plaintiff's business assets" and requires Plaintiff to deposit certain funds related to the dispute.

4. The Court also ordered a hearing on Plaintiff's motion for preliminary injunction for March 18, 2019 at 9:00 a.m. and set a briefing schedule related to the hearing. (ECF No. 39.)

5. The parties hereby stipulate and agree to an order and injunction restraining and preventing Defendants from foreclosing on the assets that are the subject of this lawsuit until further order of the Court.

6. Defendants agree to this stipulation to preserve judicial resources because Defendants assert they never intended to foreclose on the assets during the litigation. *Delaware Dep't of Transp. v. Mactec Eng'g & Consulting, Inc.*, 2011 WL 6400285, at *2 (Del. Super. Ct. Dec. 14, 2011) ("With cooperation, this dispute could easily have been avoided without expending judicial resources.") Plaintiff, on the other hand, believes it reasonably relied on the language of Defendants' communications, which indicated an intent to foreclose. *C.f. Nike Inc. v. Champion Prod. Inc.*, 25 F. App'x 605, 606 (courts should not "decide what the parties subjectively intended but give heed only to their communication and overt acts.") (9th Cir. 2002) (citations omitted).

7. By entering into this stipulation, Defendants are not conceding that Plaintiff's request for a preliminary injunction is meritorious or that Plaintiff has any likelihood of success on

107542129.1

the merits of its claims, and Defendants expressly reserves their right to address the merits of the case.

8. Plaintiff, for its part, will deposit $1.5 million with the clerk, in quarterly installments, in accordance with the payment schedule in the parties' Promissory Note, which is the subject of this lawsuit, plus all accrued and unpaid interest by December 31, 2020. Plaintiff will deposit the first installment of $166,667.00, which was originally due on December 31, 2018, with the clerk by March 8, 2019.

9. The stipulation among the parties eliminates the need for any further briefing and the preliminary injunction hearing currently scheduled for March 18, 2019.

SO STIPULATED:

| LEWIS ROCA ROTHGERBER CHRISTIE LLP | HOLLEY DRIGGS WALCH FINE WRAY PUZEY & THOMPSON, LTD. |
|---|---|
| By: */s/ John E. Bragonje*<br>John E. Bragonje<br>State Bar No. 9519<br>Jennifer K. Hostetler<br>State Bar No. 11994<br>Brian D. Blakley<br>Nevada Bar No. 13074<br>3993 Howard Hughes Pkwy, Suite 600<br>Las Vegas, NV 89169-5996<br>Tel: 702.949.8200<br>jbragonje@lrrc.com<br>*Attorneys for Plaintiff eTouch LV, LLC* | By: */s/ F. Thomas Edwards*<br>F. Thomas Edwards<br>State Bar No. 9549<br>400 South Fourth Street, Third Floor<br>Las Vegas, NV 89101<br>Telephone: 702.791.0308<br>tedwards@nevadafirm.com<br><br>GORDON REES SCULLY MANSUKHANI, LLP<br><br>By: */s/ Robert S. Larsen*<br>Robert S. Larsen<br>State Bar No. 7785<br>Wing Yan Wong<br>State Bar No. 13622<br>300 South Fourth Street, Ste. 1550<br>Las Vegas, NV 89101<br>Telephone: 702.577.9300<br>rlarsen@grsm.com<br>wong@grsm.com<br><br>*Attorneys for Defendants eTouch Menus, Inc. and Scott Morrow* |

3

107542129.1

## **ORDER GRANTING PRELIMINARY INJUNCTION**

The Court having considered the parties' foregoing stipulation, having then taken the matter under advisement, orders as follows:

1. That Defendants, and each of them, be enjoined from foreclosing on the assets that are the subject of this lawsuit, as such assets are described in the execution copy of parties' Asset Purchase Agreement, which was attached to Plaintiff's moving papers, until the final hearing of this case, or the further order of the Court or the Judge.

2. That Plaintiff deposit $1.5 million with the clerk, in quarterly installments, in accordance with the payment schedule in the parties' Promissory Note, plus all accrued and unpaid interest by December 31, 2020. Plaintiff will deposit the first installment of $166,667.00, which was originally due on December 31, 2018, with the clerk by March 8, 2019.

3. That the hearing on the Plaintiff's motion for a preliminary injunction currently set for March 18, 2019, is hereby VACATED.

4. This order does not prejudice in any way Defendants' right to dispute the merits of Plaintiff's claims, and all such rights are expressly reserved.

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

Dated: March 15, 2019

4

107542129.1