**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ETOUCH LV, LLC, | Case No.: 2:18-cv-02066-JCM-NJK |
| Plaintiff(s), | **Order** |
| v. | [Docket No. 48] |
| ETOUCH MENU, INC., et al., | |
| Defendant(s). | |

The Federal Rules of Evidence already establish the effect of intentional and unintentional disclosure of materials subject to the attorney-client privilege and work product protection. Fed. R. Evid. 502(a)-(b). The Federal Rules of Evidence also already provide some procedures for trying to rectify an inadvertent disclosure. *See* Fed. R. Evid. 502(b) (incorporating Fed. R. Civ. P. 26(b)(5)(B)).

In addition to the above defaults, parties are permitted to bind themselves to an agreement on the effect of disclosure of documents that are subject to attorney-client privilege or work product protection. Fed. R. Evid. 502(e). In this way, Rule 502(e) simply "codifies the well-established proposition that parties can enter into an agreement to limit the effect of waiver." Fed. R. Evid. 502(e), Advisory Committee Notes (2007); *see also* Fed. R. Civ. P. 29(b) (parties may stipulate to discovery procedures). By contrast, if a court enters an order adopting such an agreement pursuant to Rule 502(d) of the Federal Rules of Evidence, that "order binds the world, including parties in state or federal proceedings even though they were not present before the

court." 23A Wright & Graham, FEDERAL PRACTICE AND PROCEDURE, § 5446, p. 298 (2018). Given its sweeping scope, "courts ought not lightly enter an order that purports to bind the world." *Id.* at p. 300-01.

Pending before the Court is a stipulation by the parties for a Rule 502(d) order that would govern waiver or forfeiture "in this or any other action." Docket No. 48 at 2. The stipulation provides no explanation as to why an order is necessary that binds the world, rather than the parties agreeing to bind one another without issuance of a court order, as allowed through Rule 502(e). The stipulation also provides no explanation why any change is necessary from the existing default provisions of Rule 502(a) and (b).[1] Without any such explanation, the Court declines to enter such an order.

Accordingly, the stipulation is DENIED without prejudice. Any renewed request must provide a well-developed discussion as to why a Court order is being requested and why it should be provided.

IT IS SO ORDERED.

Dated: April 25, 2019

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] The Court does not address the merits of the stipulated order, except to note that the parties seek an order excepting this case from the requirement that they take reasonable steps to prevent the disclosure of material that is attorney-client privileged or work product protected. *See* Docket No. 48 at 3 (seeking an order making Rule 502(b)(2) inapplicable). No explanation is provided why the parties should not be required to take reasonable precautions against disclosure.