UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ETOUCH LV, LLC, | Case No. 2:18-CV-2066 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| ETOUCH MENU, INC., | |
| Defendant(s). | |

Presently before the court is plaintiff eTouch LV, LLC's motion to compel arbitration. (ECF No. 21). Defendants Scott Morrow and eTouch Menu, Inc. (collectively "defendants") filed a response (ECF No. 26), to which plaintiff replied (ECF No. 27).

Also before the court is plaintiff's motion to dismiss, or in the alternative, stay. (ECF No. 22). Defendants filed a response (ECF No. 26), to which plaintiff replied (ECF No. 27).

**I.    Facts**

In September 2017, plaintiff purchased from defendants a software business in exchange for $3.5 million. *Id*. The asset purchase agreement required plaintiff to pay $2 million at closing of the sale. *Id*. The remaining $1.5 million was a hold-back payment that plaintiff was obligated to pay in quarterly installments. *Id*. Under the asset purchase agreement, plaintiff could use the hold-back payment to offset any damages suffered in conjunction with the transaction. *Id*.

Shortly after paying the initial $2 million and acquiring the software business, plaintiff discovered that defendants made numerous misrepresentations concerning various business assets, software products, customers, distributors, and revenues. (ECF No. 37-1). Because these breaches allegedly resulted in over $1.5 million in damages, plaintiff exercised its rights under

**James C. Mahan**
**U.S. District Judge**

the offset provision of the asset purchase agreement by refusing to make further payments. (ECF Nos. 1, 37).

In conjunction with the asset purchase agreement, plaintiff also signed an at-will employment agreement with Morrow. (ECF Nos. 11, 20). On May 4, 2018, plaintiff terminated Morrow partially for his misconduct throughout the software business acquisition process. *Id*. Defendants allege that the termination was unlawful because plaintiff failed to pay Morrow $300,000 in accordance with the employment agreement. (ECF No. 11).

On September 19, 2018, plaintiff initiated this action in state court, asserting six causes of action: (1) breach of contract; (2) declaratory relief; (3) breach of the implied covenant of good faith and fair dealing; (4) breach of fiduciary duty; (5) unjust enrichment; (6) fraud in the inducement; and (7) violation of the Deceptive Trade Practices Act. (ECF No. 1-1). On October 26, 2018, defendants removed this action to federal court. (ECF No. 1).

On November 9, 2018, the defendants filed an answer and counterclaim, asserting four causes of action: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) unjust enrichment; and (4) "failure of consideration – rescission." (ECF No. 11). Defendants assert these counterclaims with respect to both the asset purchase agreement and the employment agreement. *Id*.

Now, plaintiff moves to compel arbitration of defendants' counterclaims as they pertain to the employment agreement. (ECF No. 21). Plaintiff also moves to dismiss, or in the alternative, stay defendants' counterclaims as they pertain to the employment agreement. (ECF No. 21).

**II.     Legal Standard**

The Federal Arbitration Act ("FAA") provides for the enforcement of arbitration agreements in any contract affecting interstate commerce. 9 U.S.C. § 2; *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011). A party to an arbitration agreement can invoke his or her rights under the FAA by petitioning federal courts to direct that "arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. When courts grant a petition to compel arbitration, the FAA requires stay of litigation "until such arbitration has been had[.]" *Id*. at § 3.

The FAA embodies a clear policy in favor of arbitration. *AT&T Mobility*, 563 U.S. at 339. Courts must rigorously enforce arbitration agreements. *Hall Street Assoc., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *See Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). The FAA leaves no place for courts to exercise discretion, but instead mandates courts to enforce arbitration agreements. *See Dean Witter Reynolds v. Byrd*, 470 U.S. 213, 218 (1985).

However, arbitration is a "matter of contract" and the FAA does not require a party to arbitrate "any dispute which he has not agreed so to submit." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79 (2002) (quotes and citation omitted). When determining whether a party should be compelled to arbitrate claims: courts engage in a two-step process. *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). The court must determine: (1) whether a valid agreement to arbitrate exists, and if it does; (2) whether the agreement encompasses the dispute at issue. *Id.*

### III. Discussion

Plaintiff argues that the employment agreement contains an arbitration provision that requires Morrow to submit to arbitration all disputes related to his employment. (ECF No. 21). Defendants contend that the arbitration provision of the employment agreement does not apply because the asset purchase agreement, which does not have an arbitration provision, is intertwined with the employment agreement. (ECF No. 26).

Both parties agree that the employment agreement, when read independently from the asset purchase agreement, requires Morrow to submit to arbitration all disputes related to his employment. (ECF Nos. 21, 26, 27). The only remaining question that the court must resolve is whether the asset purchase agreement nullifies the arbitration provision of the employment agreement for the purposes of this litigation. Defendants argue that the arbitration clause is void because the contracts are intertwined and, in the case of a conflict, the asset purchase agreement controls. (ECF No. 26).

James C. Mahan
U.S. District Judge

- 3 -

1   Defendants appear to be confusing the issue of intertwined contracts with the issue of intertwined claims. The asset purchase agreement governs the purchase of the underlying software business. (ECF No. 26-1). The employment agreement governs Morrow's employment with plaintiff. *See* (ECF No. 21-1). Although the employment agreement was consideration in exchange for the software business, section 23.9 of the employment agreement provides that "this Agreement does not supersede, replace or modify the Asset Purchase Agreement." (ECF No. 26-1). Thus, the contracts are not inextricably intertwined.

The issue of intertwined claims is a different matter. Based on the complaint, Morrow made certain false representations which induced plaintiff to enter into the asset purchase agreement and the employment agreement. (ECF No. 1-1). Plaintiff ultimately terminated Morrow, at least in part, for his misconduct throughout the business acquisition process. *Id.* These allegations indicate that there is significant factual overlap between the asset purchase agreement claims and the employment agreement claims.

To defendants' detriment, the Supreme Court has rejected the "intertwining doctrine," which prohibits courts from compelling arbitration of claims that are factually intertwined with non-arbitrable claims. *Letizia v. Prudential Bach Securities, Inc.*, 802 F.2d 1185, 1186 (9th Cir. 1986). Rather, "the Federal Arbitration Act compels courts to stay litigation of arbitrable issues regardless of whether those issues intertwine with nonarbitrable [sic] issues . . ." *United Commc'ns Hub Inc v. Qwest Commc'ns, Inc.*, 46 Fed. App'x 412 (9th Cir. 2002) (citing *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985)).

Defendants have not provided proper grounds for the court to disregard its "mandate" to enforce arbitration provisions. *See Byrd*, 470 U.S. at 218. The contracts are not intertwined and the Supreme Court has rejected the "intertwining doctrine." Therefore, the court will grant plaintiff's motion to compel arbitration. The court will also stay all litigation pertaining to the employment agreement in accordance with 9 U.S.C. § 3.

. . .

. . .

. . .

James C. Mahan
U.S. District Judge

- 4 -

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to compel (ECF No. 21) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion to dismiss, or in the alternative, stay (ECF No. 22) be, and the same hereby is, GRANTED, consistent with the foregoing.

IT IS FURHTER ORDERED that defendant shall file a status report within ten (10) days after the conclusion of arbitration.

DATED May 13, 2019.

_____
UNITED STATES DISTRICT JUDGE