ROBERT S. LARSEN, ESQ.
Nevada Bar No. 7785
JING ZHAO, ESQ.
Nevada Bar No. 11487_
WING YAN WONG, ESQ.
Nevada Bar No. 13622
GORDON REES SCULLY MANSUKHANI, LLP
300 South Fourth Street, Suite 1550
Las Vegas, Nevada 89101
Telephone: (702) 577-9300
Direct: (702) 577-9310
Facsimile: (702) 255-2858
E-Mail: rlarsen@grsm.com
  jzhao@grsm.com
  wwong@grsm.com

F. THOMAS EDWARDS, ESQ.
Nevada Bar No. 9549
HOLLEY DRIGGS WALCH FINE WRAY PUZEY & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone: (702) 791-0308
Facsimile: (702) 791-1912
E-mail: tedwards@nevadafirm.com

*Attorneys for Defendants/Counterclaimants eTouch Menu, Inc. and Scott Morrow*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| eTouch LV, LLC, a Nevada limited liability company,<br><br>    Plaintiff,<br>v.<br><br>eTouch Menu, Inc., a Minnesota corporation; SCOTT MORROW, and individual; and DOES 1 – 10, inclusive,<br><br>    Defendants.<br><br>eTouch Menu, Inc., a Minnesota corporation; SCOTT MORROW, and individual;<br><br>    Counter-Claimants<br>v.<br><br>eTouch LV, LLC, a Nevada limited liability company,<br><br>    Counter-Defendant. | Case No.: 2:18-cv-02066-JCM-NJK<br><br>**STIPULATION AND ORDER TO STAY DISCOVERY PENDING MEDIATION** |

-1-

108639635.1

## STIPULATION AND ORDER TO STAY LITIGATION PENDING MEDIATION

Plaintiff/Counter-defendant eTouch LV, LLC and Defendants/Counterclaimants eTouch Menu, Inc. and Scott Morrow (collectively as "Parties"), by and through their respective counsel, hereby stipulate and respectfully request that the Court stay discovery pending completion of the parties' private mediation currently scheduled for August 21-22, 2019 with (Ret.) Judge Philip Pro of JAMS. The Parties believe the proposed stay is in the Parties' and the Court's interests of costs and efficiency.

In support of this request, the Parties provide the following information for the Court's consideration:

1. This action includes competing claims filed by eTouch LV, LLC, on the one hand, and eTouch Menu, Inc. and Scott Morrow, on the other. *See* ECF No. 54, 56. Additionally, this dispute also includes an arbitration pending before the American Arbitration Association. *See* ECF No. 55.

2. The Parties have engaged in substantial discovery including but not limited to the following:

   a. The Parties exchanged their initial disclosures.

   b. eTouch Menu served its first set of requests for production on eTouch LV, LLC. eTouch LV, LLC served its responses to the same.

   c. eTouch LV, LLC served its first set of requests for admission, requests for production, and interrogatories on eTouch Menu, Inc. eTouch Menu, Inc. served its responses to the same.

   d. eTouch LV, LLC served its first set of requests for production and interrogatories on Scott Morrow. Scott Morrow served his responses to the same.

   e. eTouch Menu recently served its second set of requests for production to eTouch LV, LLC. eTouch LV, LLC's responses are not yet due.

   f. Scott Morrow recently served his first set of interrogatories to eTouch LV, LLC. eTouch LV, LLC's responses are not yet due.

108639635.1

|   |   |   |
|---|---|---|
| 1 | g. | Collectively, the Parties have produced approximately 2.5 million pages of documents. |
| 3 | h. | The Parties are meeting and conferring regularly regarding several discovery issues. |
| 5 | i. | eTouch LV, LLC served its notice of intent to serve subpoenas for documents on twenty (20) third parties and is in the process of producing the responses to the subpoenas. |

3. The Parties anticipate the following discovery will need to be completed:

   a. eTouch LV, LLC to serve its responses to eTouch Menu, Inc. and Scott Morrow's interrogatories and second set of requests for production.

   b. The Parties to continue their meet and confer efforts regarding the previously-served discovery responses.

   c. Depositions of the Parties' respective principals and 30(b)(6) witnesses, some of whom are located outside of Nevada

   d. Deposition of third parties, many of whom are located outside of Nevada

   e. Additional subpoenas for documents on third parties

   f. Expert discovery

   g. Additional written discovery as necessary

4. After multiple meet-and-confer sessions, the Parties have all agreed to participate in a mediation with Retired Judge ~~Phillip~~ Pro at JAMS. The mediation is scheduled for August 21-22, 2019.

   Philip

5. The Parties recognize that substantial time and costs will be expended to review the considerable amount of documents produced to date and to be produced as discovery progresses. The Parties agree that it is in the best interest of all Parties to wait until the mediation process is complete prior to incurring the time and expense of the remaining written discovery, expert designations, depositions, and motion practice, as the mediation could resolve this matter in its entirety, thereby relieving the Parties of further costs and expenses and relieving the Court of taxes upon its resources.

-3-

108639635.1

6. It would be counterproductive to the Parties' settlement efforts to have the Parties incur the expense of time-consuming and costly discovery because the Parties have agreed to stay such proceedings in favor of attempting to achieve an early resolution to this matter. Rule 1 of the Federal Rules of Civil Procedure provides that the federal rules of practice should be "construed and administered to secure the just, speedy, and *inexpensive* determination of every action and proceeding." (Emphasis added). Further, the Parties anticipate numerous discovery motions may be necessary to resolve the Parties' discovery disputes. Thus, staying discovery in this case is consistent with the spirit and intent of the Federal Rules of Civil Procedure. If a stay is not granted, the Parties will be required to engage in and incur the costs of the remaining discovery and motion practice which may not be necessary.

7. In order to conserve the Parties' and the Court's resources, to promote judicial economy, and to increase the likelihood of a successful mediation, the Parties have agreed, subject to the Court's approval, to stay all discovery for approximately 50 days, or until Friday, August 30, 2019, in order for the parties to complete the agreed upon mediation.

8. In the event that the Parties are unable to reach a resolution at the mediation, the Parties agree to file a joint status report informing the Court of the same by Friday, August 30, 2019. The Parties further agree to file an amended proposed discovery plan and scheduling order by Friday, September 6, 2019.

/ / /

/ / /

/ / /

108639635.1

9. This stipulation is made in good faith and not for the purposes of delay.

DATED this 12th day of July, 2018.

| | |
|---|---|
| */s/ Robert S. Larsen* | */s/ John Bragonje* |
| Robert S. Larsen, Esq. | John Bragonje, Esq. |
| Nevada Bar No. 7785 | Nevada Bar No. 9519 |
| Jing Zhao, Esq. | Jennifer K. Hostetler, Esq. |
| Nevada Bar No. 11487_ | Nevada Bar No. 11994 |
| Wing Yan Wong, Esq. | Brian D. Blakeley, Esq. |
| Nevada Bar No. 13622 | Nevada Bar No. 13074 |
| GORDON REES SCULLY MANSUKHANI, LLP | LEWIS ROCA ROTHGERBER CHRISTIE LLP |
| 300 South Fourth Street, Suite 1550 | 3993 Howard Hughes Parkway |
| Las Vegas, Nevada 89101 | Suite 600 |
| | Las Vegas, Nevada 89169-5996 |
| *Attorneys for eTouch Menu, Inc. and Scott Morrow* | *Attorneys for eTouch LV, LLC* |

*/s/ F. Thomas Edwards*
F. THOMAS EDWARDS, ESQ.
Nevada Bar No. 9549
HOLLEY DRIGGS WALCH FINE
WRAY PUZEY & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101

*Attorneys for eTouch Menu, Inc. and Scott Morrow*

Dated: July 15, 2019

**IT IS SO ORDERED.**

_____
**UNITED STATES MAGISTRATE JUDGE**

-5-